UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FAMIAN CORNADO,

                                        Plaintiff,

                v.                                                          6:09-CV-1202
                                                                           (DNH/GHL)
NYPD,
JOHN DOE, *Badge # 1320, Officer, 23rd PCT.*,
CHARLES BROWN, *#949, Police Officer*, and
TEREL ANDERSON, *#03814*,

                                        Defendants.

APPEARANCES

Famian Cornado
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I.  Introduction

        The Clerk has sent to the Court a *pro se* civil rights complaint submitted by Famian Cornado, an

inmate at Mohawk Correctional Facility ("Plaintiff").  Dkt. No. 1.  Plaintiff also submitted an

application to proceed *in forma pauperis* and an inmate authorization form.  Dkt. Nos. 2, 7.  Based on

the following, I recommend that Plaintiff file an amended complaint should Plaintiff wish to avoid

dismissal of this action.

### II.  Discussion

        Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is

a two-step process.  First, the Court must determine whether the plaintiff may proceed with the action

without pre-paying, in full, the $350.00 filing fee.  The Court must then consider whether the causes of

action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon

which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. 1915A(b)(1).

**A.     Application to proceed *in forma pauperis***

After reviewing the entire file in this matter, the Court finds that Plaintiff may proceed with this action *in forma pauperis*.  *See* Dkt. No. 2.

**B.     Complaint**

The Court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *See id.*  The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond.  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Initially, I note that Plaintiff failed to sign the complaint.  *See* Dkt. No. 1.  Pursuant to the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  Fed. R. Civ. P. 11(a); *see also* N.D.N.Y. Local Rule 10.1(c)(2) ("Each document must identify the person filing the document.  This identification must include an original signature of the . . . *pro se* litigant.").  Plaintiff is advised that he must sign all documents he submits to the Court, including the amended complaint

should he file one in this action.

Plaintiff submitted a form civil rights complaint.  Dkt. No. 1.  Plaintiff set forth no allegations in the complaint; rather Plaintiff simply refers the reader to the attachments.  *Id.*  The attachments, which total 181 pages, consist of copies of correspondence and medical records.  *Id.*  After a review, it is quite difficult to determine what kind of a claim Plaintiff is asserting.  However, I note that in some of the documents, which are letters addressed to attorneys and the New York State Supreme Court from Plaintiff, Plaintiff seems to assert that he was assaulted when he was arrested and was denied adequate medical treatment in July and/or August of 2006.[1]  It is unclear if Plaintiff is attempting to assert these allegations as the basis for this action.  Plaintiff is advised that the "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years."  *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).

Additionally, many of the documents are not written in English.[2]  Plaintiff is advised that pursuant to the Local Rules, "[u]nless otherwise directed by the Court, any document that a party transmits to the Court (including one in the record on appeal) that is in a language other than English must be accompanied by an English translation that the translator has certified as true and accurate, pursuant to 28 U.S.C. § 1746."  N.D.N.Y. Local Rule 10.1(e).

In sum, the complaint, as presented, fails to state a claim upon which relief may be granted.  Therefore, I recommend that Plaintiff may file an amended complaint **within thirty (30) days of the filing date of any Order adopting this Report and Recommendation** should he wish to avoid

---

[1]  Dkt. No. 1-1 at pp. 1-2; Dkt. No. 1-4 at p. 7; Dkt. No. 1-6, at pp. 9-12.

[2]  Dkt. No. 1-1, at p. 14; Dkt. No. 1-2, at pp. 1-6, 9-15, 17-18, 21, 23, 26-29, 31-34, 36-54; Dkt. No. 1-4, at p. 4; Dkt. No. 1-5 at pp. 2, 16, 21, 29.

dismissal of the action.  Any amended complaint, which shall supersede and replace in its entirety Plaintiff's original complaint (Docket No. 1), must contain a <u>short and plain statement</u> of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b).  The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.  **<u>Plaintiff is advised that all claims must be set forth in the amended complaint.  Claims may not be set forth solely in exhibits or attachments.</u>**

I note that Plaintiff has named a defendant as "John Doe."  Plaintiff is advised that the United States Marshals may only effect service of a summons and complaint on an identifiable individual.  In the event that Plaintiff wishes to pursue a claim against John Doe, he must take reasonable steps to ascertain his or her identity.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk shall enter judgment dismissing this case without prejudice without further Order of the Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of an amended complaint, the file be returned to the Court for further review; and it is further

ORDERED, that the *in forma pauperis* application (Dkt. No. 2) is **GRANTED**;[3] and it is further

ORDERED, that the Clerk serve copies of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  December 7, 2009
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[3]  Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.